IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOMMY BASS, #122 504, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:12-CV-394-TMH |
| | ) [WO] |
| WARDEN HETZEL, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Tommy Bass, on April 30, 2012.[1] In this petition, Petitioner challenges his convictions for rape entered against him by the Circuit Court for Morgan County, Alabama, in 1977 and 1978. Petitioner is serving a 99 year term of imprisonment.

**I. DISCUSSION**

"[A]n application for a writ of habeas corpus . . . made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal

---

[1] Although the Clerk of this court stamped the present petition "filed" on May 2, 2012, Petitioner certified the petition for mailing on April 30, 2012. The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Bass] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this Recommendation, the court considers April 30, 2012 as the date of filing.

judicial districts . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought.").

Petitioner is presently incarcerated at the Easterling Correctional Facility in Clio, Alabama. This facility is located within the jurisdiction of this court. Petitioner, however, attacks the constitutionality of his incarceration on a sentence imposed by the Circuit Court for Morgan County, Alabama. Morgan County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, concurrent jurisdiction exists between this court and the United States District Court for the Northern District of Alabama. Nonetheless, based on the claims presented by Petitioner, as well as in furtherance of justice and for the convenience of the parties, the court concludes that transfer of this case to the United States District Court for the Northern District of Alabama for review and disposition is appropriate.[2]

---

[2] In transferring this case, the court makes no determination regarding the merits of Petitioner's claims for relief challenging the constitutionality of his present incarceration on a sentence imposed by the Circuit Court for Morgan County, Alabama. Further, a decision on

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before **May 21, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

---

Petitioner's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

Done this 7th day of May, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE